XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER D. HALLORAN, State Bar No. 184025
Supervising Deputy Attorney General
CORI R. SARNO, State Bar No. 230559
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6182
 Fax: (916) 324-5567
 E-mail: Cori.Sarno@doj.ca.gov
*Attorneys for Defendant*
*California Department of Corrections and*
*Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAKE PECCIA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA/DEPARTMENT OF CORRECTIONS AND REHABILITATION and DOES 1 through 5, inclusive,**<br><br>Defendant. | 2:18-cv-03049-JAM-AC<br><br>**STIPULATED REQUEST FOR PROTECTIVE ORDER**<br><br>Judge: The Honorable John A. Mendez<br>Trial Date: September 14, 2020<br>Action Filed: November 26, 2018 |

WHEREAS, the allegations in Plaintiff JAKE PECCIA's, ("Plaintiff") lawsuit involve personnel issues related to third persons which Defendant DEPARTMENT OF CORRECTIONS AND REHABILITATION, ("Defendant") contends are confidential and/or contain private personal information of third parties who are not parties to this litigation;

WHEREAS Defendant has also sought production by subpoena of Plaintiff's mental

1

health treatment records, including notes of psychotherapy sessions, that may implicate the privacy of third persons who are not parties to this litigation;

WHEREAS Defendant is willing to produce some of the documents related to personnel matters involving other employees in a redacted form, provided that Plaintiff will stipulate to a protective order maintaining the confidentiality of such records and agrees to various conditions, as enumerated below, with respect to the use of the documents in question;

THEREFORE, THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL HEREBY STIPULATE:

1. Any documents containing personnel information pertaining to employees other than the Plaintiff, which are produced by Defendant, are to remain confidential;

2. Any documents related to Plaintiff's mental health treatment records and psychotherapy notes, which have been subpoenaed by Defendant are also to remain confidential;

3. That by agreeing certain confidential documents may be produced, Plaintiff and Defendant do not waive objections as to self-critical analysis, attorney work-product and other privileges which may apply and do not waive the privacy rights of any third parties;

4. Confidential documents subject to this stipulation are to be identified by a statement on each document which reads "CONFIDENTIAL;"

5. Except where necessary, the Plaintiff and his representatives, and Defendant and their representatives, will not disclose the confidential documents or information contained in the documents subject to this stipulation to anyone but hired experts in this case;

6. The Plaintiff and Defendant agrees not to disclose, either orally or in writing, the documents or content of the documents to any non-expert witnesses in the case; except in the context of the deposition of an employee of the California Department of Corrections and Rehabilitation;

7. Documents may be used in trial but reasonable efforts to preserve confidentiality shall be taken;

8. The Plaintiff and Defendant agree that the documents produced that are subject to this stipulation are not to be used for any other purpose outside of the instant litigation;

9. Nothing contained in this protective order shall preclude any party from seeking or obtaining, upon an appropriate showing, additional protection with respect to any document, information or other discovery material;

10. This protective order shall remain in effect for the duration of this action unless terminated by a written stipulation or by Court order. Insofar as they restrict the disclosure, treatment, or use of the information subject to a protective order, the provisions of this protective order shall continue to be binding after the termination of this action, unless the Court orders otherwise;

11. Within 60 days of the conclusion of the litigation, all documents subject to this stipulation and any copies of these documents will be returned to the counsel for the party who produced the document and written verification provided to counsel for the California Department of Corrections and Rehabilitation that all such documents have been returned;

12. After the termination of this action, the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of the documents produced pursuant to this protective order.

Dated: June 4, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER D. HALLORAN
Supervising Deputy Attorney General

/s/ Cori R. Sarno

CORI R. SARNO
Deputy Attorney General
*Attorneys for Defendant*
*California Department of Corrections and Rehabilitation*

/s/ Sheri L. Leonard

ROBERT P. HENK
SHERI L. LEONARD
*Attorneys for Plaintiff*
*Jake Peccia*

IT IS SO ORDERED

Dated: June 4, 2019

/s/ John A. Mendez
The Honorable John A. Mendez