UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE PECCIA, | No. 2:18-cv-03049 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION | |
| Defendant. | |

This matter is before the court on plaintiff's motion for a protective order (ECF No. 28) and plaintiff's motion to quash (ECF No. 29). Plaintiff is appearing in pro se.[1] This discovery matter is before the undersigned in accordance with Local Rule 302(c)(1) and 302(c)(21). Defendant opposes both motions. ECF No. 32. Plaintiff has replied. ECF No. 33. Upon review of all arguments, plaintiff's motions are DENIED.

**I.   Relevant Background**

Plaintiff filed this discrimination and retaliation case against his former employer, the State of California Department of Corrections and Rehabilitation ("CDCR") on November 26, 2018. ECF No. 1. Plaintiff has also been employed at the American Red Cross ("ARC"). Peccia

---

[1] Plaintiff was initially represented by counsel. Counsel was permitted to withdraw, and as of February 10, 2020, this matter has been referred to the undersigned. ECF No. 22.

1

1  Depo. p. 39:9-40:41:3.  Defendant served a third-party subpoena on ARC, seeking "any and all
2  documents from January 1, 2010 through the present date" related to plaintiff, his work schedules,
3  and e-mail correspondence.  ECF No. 29 at 2.  Plaintiff moved to quash the subpoena (ECF No.
4  28) and moved for a protective order (ECF No. 29) on March 19, 2020.  Defendant asserts that
5  plaintiff failed to meet and confer, reaching out to it on March 18, 2020 and providing no
6  opportunity to respond before filing his motions.  ECF No. 32 at 5; ECF No. 33 at 11 (meet and
7  confer e-mail dated March 18, 2020).

## II.     Discussion

### A.     Motion to Quash

Plaintiff seeks to quash a Rule 45 subpoena issued by defendant to non-party, ARC, which would require ARC to produce certain documents related to his employment there.  ECF No. 29, 127 at 2.  A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena.  Fed. R. Civ. P. 34(c).  Rule 45 permits a party to issue a "subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things."  Fed. R. Civ. P. 45(a)(1)(C).  The recipient may object to a subpoena, or move to quash or modify it.  Fed. R. Civ. P. 45(c)(2), 45(c)(3).  "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).  "[T]he court that issued the subpoena ... can entertain a motion to quash or modify a subpoena."  S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir. 2011).  The issuing court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

2

Fed. R. Civ. P. 45(c)(3)(A). Additionally, the issuing court <u>may</u> quash or modify a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

      The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." <u>California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.</u>, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing <u>Windsor v. Martindale</u>, 175 F.R.D. 665, 668 (D. Colo. 1997)). Under this general rule, plaintiff lacks standing to object to the subpoena on grounds of relevance or undue burden. A party cannot seek to quash a Fed. R. Civ. P. 45 subpoena except to the extent that it has "a personal right or privilege in the information sought to be disclosed." <u>Freed v. Home Depot U.S.A., Inc.</u>, No. 18CV359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting <u>Chevron Corp. v. Donziger</u>, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)).

      Though the parties address in their briefing the relationship between plaintiff's employment with ARC and his employment with defendant, such arguments are irrelevant here because plaintiff lacks standing to challenge the subpoena. Plaintiff argues that the subpoena seeks irrelevant documents and requires ARC to produce difficult to access documents, creating an undue burden, and that the subpoena seeks ARC's trade secrets. ECF No. 29 at 3-6. Plaintiff also raises a privacy argument, asserting that "[s]pecifically, the Plaintiff works as a nurse for [ARC] and sees patients in disaster areas. The emails and other documents the defendants are seeking would violate HIPAA and the patient's right to privacy and other privileged information between the Plaintiff and ARC in his capacity as a Nurse." ECF No. 33 at 8. It is clear that

3

1   plaintiff is making an argument related to the privacy concerns of third parties; he does not have

2   standing to raise these concerns.  These are, of course, all objections that ARC is free to raise, but

3   they do not implicate any right or privilege belonging to plaintiff.  Plaintiff's motion to quash

4   lacks standing, and therefore must be DENIED.

5         B.  <u>Motion for Protective Order</u>

6       Plaintiff seeks a protective order, though the motion is essentially a duplicate of the

7   motion to quash the subpoena to ARC.  ECF No. 28.  Under the Federal Rules of Civil Procedure,

8   motions for protective orders are governed by Fed. R. Civ. P. 26(c), which states in relevant part:

9           A party or any person from whom discovery is sought may move for
        a protective order in the court where the action is pending[.] The
10          motion must include a certification that the movant has in good faith
        conferred or attempted to confer with other affected parties in an
11          effort to resolve the dispute without court action. The court may, for
        good cause, issue an order to protect a party or person from
12          annoyance, embarrassment, oppression, or undue burden or
        expense[.]
13

14  Fed. R. Civ. P. 26(c).  District courts have broad discretion to determine whether a protective

15  order is appropriate and, if so, what degree of protection is warranted.  <u>Seattle Times Co. v.</u>

16  <u>Rhinehart</u>, 467 U.S. 20, 36 (1984); <u>see also</u> <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>,

17  307 F.3d 1206, 1211–12 (9th Cir. 2002).  The party seeking to limit discovery has the burden of

18  proving "good cause," which requires a showing "that specific prejudice or harm will result" if

19  the protective order is not granted.  <u>In re Roman Catholic Archbishop of Portland in Oregon</u>, 661

20  F.3d 417, 424 (9th Cir. 2011) (citing <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122,

21  1130 (9th Cir. 2003)).

22      The motion for a protective order must be denied for several reasons.  First and foremost,

23  it is duplicative of the motion to quash, and the motion to quash is the more appropriate vehicle

24  for addressing the issue presented.  Second, it is clear from the communication plaintiff attached

25  to his opposition that he failed to properly meet and confer with defendant prior to bringing the

26  motion; he provided only one days' notice before filing his motion. ECF No. 33 at 11.  Local

27  Rule 251(b) establishes requirements for any party bringing a motion pursuant to Fed. R. Civ. P.

28  26 through 37, including the requirement that the parties meet and confer and file a joint

discovery statement. Because plaintiff, the moving party, did not satisfy Local Rule 251(b)'s meet and confer requirement and the joint discovery statement requirement, the motion to compel discovery must be denied. See e.g., United States v. Molen, No. 2:10-CV-02591 MCE, 2012 WL 5940383, at *1 (E.D. Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice).[2] And finally, plaintiff fails to meet his burden to establish "good cause" for a protective order, because he has failed to identify any right or privilege, belonging to himself, that would be in jeopardy should defendant be allowed to move forward with its subpoena to ARC.

### III.   CONCLUSION

For the reasons set forth above, plaintiff's motion to quash (ECF No. 29) and plaintiff's motion for a protective order (ECF No. 28) are DENIED.

IT IS SO ORDERED.

DATED: May 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, the undersigned requires that meet and confer efforts be conducted in person or by videoconference or telephone, and not merely in writing. See Judge Claire's Standing Orders in Civil Cases, posted on the court's website at
http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/

5