UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE PECCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant. | No. 2:18-cv-03049 JAM AC<br><br><br>ORDER |

This matter is before the court on plaintiff's motion for an extension of the discovery deadline (ECF No. 40). Plaintiff is appearing in pro se. This matter is before the undersigned in accordance with Local Rule 302(c)(21). Defendant opposes the motion. ECF No. 43. Plaintiff has replied. ECF No. 46. Upon review of all arguments and briefing, plaintiff's motion is GRANTED in part, but the approved extension is for 30 days rather than the requested 180.

**I.  Relevant Background**

Plaintiff filed this discrimination and retaliation case against his former employer, the State of California Department of Corrections and Rehabilitation ("CDCR") on November 26, 2018. ECF No. 1. Plaintiff was initially represented by counsel. Counsel was permitted to withdraw, and as of February 10, 2020, this matter has been referred to the undersigned as a pro se case. ECF No. 22. On February 24, 2020, a pretrial schedule was issued setting an expert

disclosure deadline of 2/5/2021, a discovery deadline of 4/26/2021 and a trial date of 10/4/2021. ECF No. 26.  On February 2, 2021 plaintiff moved for an additional 45 days to complete expert disclosures.  ECF No. 36.  That motion was unopposed and was granted.  ECF No. 39.  On March 18, 2021, plaintiff brought the motion at bar, seeking an additional 180 days to complete discovery.  ECF No. 40.

## II.     Discussion

To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).  The good cause inquiry primarily centers on the moving party's diligence.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609.

Here, plaintiff argues that he has a learning disability, that the COVID-19 pandemic has caused discovery delays, and that he is still working full time and his hours make it difficult for him to stay within the timeframe for discovery set by the court.  ECF No. 40 at 3-6.  Defendant counters that plaintiff has not been diligent and there is no good cause for an extension of time.  ECF No. 43 at 2-5.  Defendant argues plaintiff has not sent any discovery since July 17, 2019.  Id. at 3.  Defendant asserts that despite being awarded an extension of time to file expert witness disclosures, plaintiff failed to make a timely disclosure.  Id.  Defendant argues plaintiff fails to explain what steps he has taken over the past 17 months to diligently attempt to complete discovery within the established deadlines.  Id. at 4.  Defendant notes that the requested extension of time would necessitate an entirely new schedule for all remaining deadlines in this case.  Id. at 5.  Plaintiff responds that the various COVID-19 related shutdowns have made discovery difficult, he is not an attorney, and his schedule and learning disabilities have made things difficult.  ECF No. 46.

The court is sympathetic to the fact that the most recent schedule in this case was entered just before COVID-19 caused delays and shutdowns that could have impacted discovery. However, the court is also aware that plaintiff has had over a year to conduct discovery and with

reasonable diligence, should have been able to serve defendants with additional discovery between July 2019 and the April 2021 deadline.  The court is also mindful of defendant's reasonable concern regarding delays to other case deadlines.  The court therefore GRANTS plaintiff's motion only in part; the discovery deadline is extended by 30 days, to May 25, 2021. Motions to compel must be heard not later than April 30, 2021.  No other deadlines are altered.

### III.   Conclusion

For the reasons set forth above, plaintiff's motion for an extension of time (ECF No. 40) is GRANTED insofar as the discovery deadline is extended by 30 days, to May 25, 2021.  Motions to compel must be heard not later than April 30, 2021.  No other deadlines are altered.

IT IS SO ORDERED.

DATED: April 6, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3