UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE PECCIA, | No. 2:18-cv-03049 JAM AC PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

**I.  PENDING DISCOVERY MOTIONS**

Non-party Ray N. Masbad submitted an un-noticed document asking the court to quash plaintiff's subpoena that was served upon him on March 8, 2021, demanding production of documents, information, or objects by March 22, 2021. ECF No. 45. Masbad asserts the subpoena is facially defective because it did not have plaintiff's signature pursuant to Fed. R. Civ. P. 26(g)(2), was not timely served to allow compliance, demands copies of protected work product from another ongoing civil case, demands FMLA and disability information protected by HIPPA, demands personal information that may violate the privacy rights of individuals in his address book, places unreasonable demands on him as he is moving out of state, and fails to provide any plausible justification for demands made by the subpoena. ECF No. 45 at 1-2.

Plaintiff filed a motion to compel Masbad to produce documents requested in the

1

subpoena. ECF No. 48. Plaintiff submitted the motion on April 6, 2021 but did not notice the motion for a hearing date. The motion to compel was drafted without a joint statement as required by E.D. Local Rule 251(c). Attached to the motion to compel is an email communication between Masbad and plaintiff in which plaintiff states that no "meet and confer" is required. ECF No. 48-1 at 14.

Both a motion to compel and a motion to quash a subpoena are "discovery" motions pursuant to E.D. Cal. R. ("Local R.") 251 (covering motions under Rules 26 through 37 and 45). Accordingly, plaintiff and Mr. Masbad were required to meet and confer as to both motions and to submit a Joint Statement if the matter could not be resolved. Local R. 251(b) & (c). If the meet and confer or Joint Statement requirements could not be met, movants were required to file and serve an affidavit so stating. Local R. 251(d). Movants have not complied with these requirements, and plaintiff's belief that there is no need to meet and confer in relation to these motions is incorrect. Mr. Masbad represents that he objected in writing to the subpoena, see ECF 45, so the motion to compel is not exempt from the Joint Statement requirement on grounds of a "complete and total failure to respond to a discovery request." Local R. 251(e).

Because the motion and request are both procedurally defective, they are each DENIED without prejudice.

## II. MOTIONS TO CONTINUE DISCOVERY DEADLINES

Though the discovery motions discussed above are denied without prejudice, the court notes that on a practical level, they cannot be re-filed as the deadline to file discovery motions expired on April 30, 2021. ECF No. 49. Pending before the court are two motions by plaintiff to extend the discovery deadlines in this case: ECF Nos. 57 and 61. These motions will be denied. On April 7, 2021, the court granted a motion from plaintiff to extend the discovery deadlines in part, providing plaintiff an additional 30 days instead of his requested 180 days. ECF No. 49. The two motions to extend the discovery deadline further are an attempt to re-litigate the court's prior decision. No additional good cause is presented, and the court will not delay this case further.

The motions to continue (ECF Nos. 57 and 61) are DENIED.

### III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Ray N. Masbad's motion to quash (ECF No. 45) is DENIED.
2. Plaintiff's motion to compel (ECF No. 48) is DENIED.
3. Plaintiff's motions to extend the discovery deadlines (ECF No. 57, and 61) are DENIED.

IT IS SO ORDERED.

DATED: May 13, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE