UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE PECCIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | No. 2:18-cv-3049 JAM AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the undersigned are plaintiff's motion to file a supplemental pleading/amended complaint (ECF No. 50), plaintiff's motion for a preliminary injunction (ECF No. 51), plaintiff's motion for a temporary restraining order (ECF No. 52), and plaintiff's request for status (ECF No. 55). The request for status asks that the court address the status of plaintiff's other motions and, considering the recommendations issued herein, is DENIED as MOOT. Based on the analysis below, the undersigned recommends that each of plaintiff's other pending motions (ECF Nos. 50, 51, 52) be DENIED.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was represented by counsel at the time, filed this discrimination and retaliation case against his employer, the State of California Department of Corrections and Rehabilitation ("CDCR") on November 26, 2018. ECF No. 1. On November 13, 2019,

1

plaintiff's counsel withdrew from this case with the court's permission. ECF No. 16. On February 10, 2020, after an extension of time for plaintiff to find a new attorney (ECF No. 19), the case was referred to the undersigned for pre-trial matters pursuant to Local Rule 302(c)(21) due to plaintiff's pro se status. ECF No. 23. On February 18, 2021, the parties submitted a joint status report so that a new schedule could be set, and a pre-trial schedule was issued by the undersigned on February 24, 2020. ECF Nos. 25, 26.

## II. MOTION TO FILE A SUPPLEMENTAL/AMENDED PLEADING

On April 9, 2021, plaintiff filed a motion to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). ECF No. 50. Plaintiff argues that if he is not allowed to file a supplemental pleading, "it would cause the plaintiff to file a similar lawsuit with the same defendant for the same thing, and would require the plaintiff to also add to this new complaint a copy of the original complaint in this case to tie everything together." ECF No. 50-1. Plaintiff attached to his motion the proposed supplemental pleading, which is styled as an amended complaint which includes the allegations in the original complaint (ECF No. 50-3 at 6-16) and a "proposed supplemental complaint" section that includes allegation of "Events [that] occurred after Lawsuit was filed." (id. at 16-17). The supplemental allegations are detailed below. Defendant opposes the motion. ECF No. 54.

A. Legal Standard

Federal Rule of Civil Procedure 15 sets the rules for amended and supplemental pleadings. Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely ... when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962);

2

Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999). However, in granting leave to amend, the above factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); see Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010) (explaining that "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."). Rule 15(d) "is a tool of judicial economy and convenience . . . intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). The rule "enable[s] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." Id. (quotation marks and citation omitted). Rule 15(d) exists to promote judicial efficiency. See Planned Parenthood v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citing Keith, 858 F.2d at 473). "[F]actors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading." Yates v. Auto City 76, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citations omitted).

B. Proposed Supplemental Pleading

The proposed supplemental pleading/amended complaint alleges that plaintiff faced retaliation for filing this lawsuit when, on July 29, 2019, he was removed from his position at Folsom Women's Facility and re-assigned to different shift hours, resulting in a loss of various employment benefits. ECF No. 50-3 at 18-19. Plaintiff further alleges that on March 6, 2020, he was given a "Punitive Action" or "Letter of Instruction" that was vague, and this was put in plaintiff's supervisory file without justification. Id. at 19. Plaintiff goes on to allege that, as ongoing retaliation for filing this lawsuit, from September 9, 2020 to September 30, 2020, he was "put in a location where he was exposed to Covid-19 everyday unnecessarily" by being directed

to work at the temperature station at California State Prison-Sacramento, where had not previously worked, without the necessary protective gear. Id. at 19-24. On September 30, 2020, plaintiff was again re-directed to a new location, Nursing Headquarters, where he found that everyone had the option to telecommute, but when he asked to telecommute, he was not allowed to do so. Id. at 26-28.

  C.  Opposition

Defendant opposes additions to the complaint, arguing that plaintiff has not shown good cause, amendment would be futile because plaintiff has not exhausted his administrative remedies as to new claims, the newly asserted claims are barred by the doctrine of sovereign immunity, and plaintiff's challenges to Covid-19 guidelines are not appropriate in this forum. ECF No. 54. Defendant focuses on the argument that allowing amendment at this juncture would necessitate a new case schedule, and that plaintiff has not established good cause to amend the schedule as required by Fed. R. Civ. P. 16. Id. at 6-7. Defendant argues that "the nearly two year delay in seeking to amend his pleading is unreasonable and as such, Peccia's motion should be denied." Id. at 10.

  D.  Analysis

Whether the proposed pleading is considered a supplemental pleading or an amended complaint, the motion must be denied because plaintiff has unduly delayed his attempt to expand the factual basis of his lawsuit. Allowing the filing at this juncture would therefore unduly prejudice the defendant.

The proposed new allegations involve events that took place between 620 and 191 days before plaintiff filed the request to amend or supplement. During that time period, this case was rescheduled and has nearly completed the discovery process. In order to accommodate the new claims, the court would have to issue a new case schedule. Plaintiff sat on his rights on some of the proposed new allegations for *years* – it would be unjust to allow the addition of such claims now. Plaintiff's undue delay, and the prejudicial effect on defendant caused by such undue delay, dictate that plaintiff's late motion must be denied. Eminence Capital, 316 F.3d at 1052.

////

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's motion for a preliminary injunction challenges his work assignments between July 29, 2019 and the present, with the most recent location change taking place January 15, 2021. ECF No. 51-2 at 1-15. Plaintiff contends that the work assignments were retaliatory and that a preliminary injunction is necessary due to the risks presented by COVID-19 at his work location. Id. Plaintiff asks the court order defendant to provide him with "a State-owned Laptop that he can take home to work during his work hours of 2200 to 0600 reporting to the Nursing Department at Folsom State Prison for his assignments by telephone or allow him to work an alternate work schedule that both parties can agree to until this lawsuit has concluded" and ensure that he is protected from harassment and retaliation for filing this lawsuit. ECF No. 51-2 at 32.

Defendant opposes the motion, emphasizing that plaintiff's requests for preliminary injunctive relief are based on the proposed new allegations, and necessarily fail if the motion to expand the complaint fails. ECF No. 56. Defendant argues that "in order to prevail on his Request for Injunction or his Ex Parte Application for a Temporary Restraining Order[,] Peccia needs to show that he has a likelihood of success on the merits of his claims. Since the newly added facts listed in his new Complaint would be subject to a motion to dismiss for failure to exhaust his administrative remedies, Peccia cannot show a likelihood of success. Further, the newly added causes of action are subject to dismissal under the doctrine of Sovereign Immunity and thus, Peccia is unable to show a likelihood of success on the merits." Id. at 2.

A. Legal Standard

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [ ] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)); see also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010)

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff demonstrates..."serious questions going to the merits and a hardship balance [ ] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

B. Analysis

Plaintiff's motion for a preliminary injunction cannot succeed because, in light of the court's recommendation for denial of plaintiff's belated request to expand the complaint with new allegations, there is no likelihood of success on the merits of the pertinent claims. Plaintiff's motion for a preliminary injunction is almost entirely based on allegations in the proposed amended complaint/pleading. As previously noted, the facts upon which plaintiff bases his request for a preliminary injunction are up to three years old. ECF No. 51-2. Even the most recent of the allegedly retaliatory actions was not timely asserted: when plaintiff filed the motion for a preliminary injunction, he had been in the most recent assignment for 94 days. ECF No. 51-2 at 14 (most recent assignment taking place January 15, 2021, motion filed April 19, 2021). In the meantime, this case was progressing through its established schedule. The "extraordinary" remedy of a preliminary injunction is not warranted where plaintiff unduly delayed filing the claims as to which he seeks preliminary relief and he cannot succeed on the merits.

### IV. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's motion for a temporary restraining order was brought simultaneously with his motion for a preliminary injunction. Under Rule 65, Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party"

6

only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Obtaining ex parte relief under Rule 65 is limited to situations where notice to the adverse party would likely prove useless. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases).

The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)).

Here, the undersigned has reviewed the motion for a preliminary injunction on the merits and has recommend it be denied. The motion for a temporary restraining order should therefore be DENIED for the same reasons.

## V. CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's request for status (ECF No. 55) is DENIED as MOOT.

Further, for all the reasons explained above, it is RECOMMENDED that plaintiff's motion to file a supplemental pleading/amended complaint (ECF No. 50), motion for a preliminary injunction (ECF No. 51), and motion for a temporary restraining order (ECF No. 52) each be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all

parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 17, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE