UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE PECCIA, | No. 2:18-cv-03049 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

This case is presently before the undersigned on remand from the Ninth Circuit. For the reasons that follow, the court construes plaintiff's filing at ECF No. 107 in part to be a motion to re-open discovery. So construed, the motion will be denied. Further, the court will set a schedule for supplemental briefing on remand.

Plaintiff brought this discrimination and retaliation case against his employer, the California Department of Corrections and Rehabilitation ("CDCR"), on November 26, 2018. ECF No. 1. Plaintiff identified four causes of action: (1) Breach of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; (2) Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; (3) Breach of California Govt. Code Section 12940, et seq., Discrimination on the Basis of Gender; and (4) Retaliation in Violation of Government Code Section 12940, et seq. Id. at 5-7. On August 12, 2021, the undersigned issued findings and recommendations that summary judgment be granted in defendant's favor on all counts. ECF No.

1    94. The assigned district judge adopted the findings and recommendations. ECF No. 97.

2    Plaintiff appealed (ECF No. 99), and the Court of Appeals vacated and remanded. ECF

3    No. 104. The Ninth Circuit's order reads as follows:

> In light of the recent decision of the Supreme Court of the United States, Muldrow v. City of St. Louis, No. 22-193, 2024 WL 1642826 (U.S. April 17, 2024), we vacate the district court's decision in full. Because of the Supreme Court's holding requiring that lower courts 'use the proper Title VII standard, and not demand that [a plaintiff] demonstrate [his] transfer caused 'significant' harm,' Muldrow, 2024 WL 1642826, at *7, we remand to the district court for reconsideration and for any additional proceedings it deems appropriate.

9    ECF No. 104.

10   Upon receiving notice of the remand, the undersigned issued an order to plaintiff directing

11   him to file a status report indicating whether he intended to proceed in pro se on remand, or

12   whether he would proceed with representation from his appellate counsel. ECF No. 105.

13   Plaintiff filed a status report indicating that he intends to proceed in this case in pro se. ECF No.

14   107. In the status report, plaintiff informed the court that he wished to re-open discovery. Id. at

15   2-3. Discovery in this case closed on April 30, 2021. ECF Nos. 49, 67 at 2. Although plaintiff

16   has identified the discovery he wishes to conduct, he has not made any showing of good cause to

17   reopen discovery under Rule 16(b)(4) of the Federal Rules of Civil Procedure, which governs

18   modifications to scheduling orders. The applicable Rules also provide that a court may extend a

19   deadline that has passed if the party making the request "failed to act because of excusable

20   neglect." Fed. R. Civ. P. 6(b)(1)(B). Again, there has been no such showing.

21   Moreover, re-opened discovery is beyond the scope of the remand. The Ninth Circuit

22   vacated this court's final judgment, and thus reopened litigation of defendants' motion for

23   summary judgment (ECF No. 69) upon which that judgment was based. Remand does not,

24   however, restart litigation from the beginning. Discovery remains closed, and the case returns to

25   the dispositive motions stage. Plaintiff's request to conduct discovery is denied.

26   The Ninth Circuit's ruling is based entirely on the potential impact of the recent Supreme

27   Court decision in Muldrow v. City of St. Louis, No. 22-193, 2024 WL 1642826 (U.S. April 17,

28   2024), and the scope of remand is therefore limited to the application of Muldrow. Accordingly,

the parties are hereby ORDERED to file supplemental briefing within 30 days of this order addressing the impact of Muldrow on defendants' motion for summary judgment (ECF No. 69) and undersigned's prior findings and recommendations (ECF No. 94). Each party may respond to the opposing party's brief within 14 days of the opposing party's brief being filed. The briefing shall be limited to the impact of Muldrow, and briefing on any other topic will be disregarded.

For the reasons explained above, it is HEREBY ORDERED that:

1. Plaintiff's status report, ECF No.107, is construed in part as a motion to reopen discovery, and as such is DENIED;
2. The parties shall file supplemental briefs within 30 days addressing the application of Muldrow v. City of St. Louis, No. 22-193, 2024 WL 1642826 (U.S. April 17, 2024), to defendants' previously-filed motion for summary judgment (ECF No. 69); and
3. Each party may file a response to the opposing party's brief within 14 days of its filing.

IT IS SO ORDERED.

DATED: June 18, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE