UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE PECCIA, | No. 2:18-cv-3049 TLN AC PS |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNA DEPARTMENT OF CORRECTIONS AND REHABILITATION., | |
| Defendant. | |

    Defendant filed a motion for summary judgment on May 17, 2021.  ECF No. 69.  A hearing was held on July 28, 2021, ECF No. 93, and the undersigned found and recommended that the motion for summary judgment be granted.  ECF No. 94.  The District Judge adopted the findings and recommendations and entered judgment in defendant's favor. ECF No. 97.  Plaintiff appealed the judgment. ECF No. 99.  While the appeal was pending, the United States Supreme Court issued Muldrow v. City of St. Louis, 601 U.S. 346 (2024).  In Muldrow, the Court found the proper Title VII standard did not require plaintiffs to demonstrate they suffered "significant harm" as result of discrimination.  Id. at 355.  Instead, plaintiffs need only show they suffered some injury; the employer's allegedly discriminatory conduct "must have left [the plaintiff] worse off, but need not have left [him] significantly so."  Id.  Accordingly, the Ninth Circuit vacated this Court's Order granting defendant's motion for summary judgment (ECF No. 97) and remanded

1

the case "for reconsideration and for any additional proceedings it deems appropriate." ECF No. 104 at 1.

On remand, the undersigned directed the parties to file supplemental briefs on Muldrow's impact, if any, on defendant's motion for summary judgment and limited the scope of remand to that issue. ECF No. 108 at 2-3. Plaintiff filed an objection to the order. ECF No. 109. Plaintiff contended, among other things, that the Ninth Circuit's Order vacating this Court's decision "in full" has the effect of striking defendant's motion for summary judgment in its entirety and requires discovery be reopened. See id. Defendant filed an opposition to plaintiff's objection. ECF No. 111.

On August 27, 2024, the District Judge assigned to the case ordered that the Ninth Circuit's Order does not mandate the outcome plaintiff argues for, and plaintiff's remaining objections were unfounded. The district judge ordered the parties to submit supplemental briefs addressing the impact of Muldrow v. City of St. Louis, 601 U.S. 346 (2024), if any, on defendant's previously-filed motion for summary judgment (ECF No. 69) within thirty (30) days. Plaintiff appealed the order, and the appeal was summarily dismissed for lack of appellate jurisdiction. ECF Nos. 117-121. The order for supplemental briefs was issued a year ago, and the Ninth Circuit dismissed plaintiff's appeal on November 18, 2024. ECF No. 121. Neither party has submitted the required supplemental brief. The court is concerned that plaintiff has abandoned this case.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, within 14 days, why the failure to file the required brief should not result in a recommendation that this case be dismissed for failure to prosecute. The filing of the required supplemental brief within this timeframe will serve as cause and will discharge this order. If plaintiff fails to respond, the court will recommend dismissal of this case pursuant to Local Civil Rule 110. If either party does file the required supplemental brief, the opposing party may file a

////

////

////

2

response within 14 days, whereupon the matter will be submitted for consideration by the undersigned.

DATED: August 26, 2025

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3